D.S. 53-16-F Assoc. v Groff Studios Corp. (2019 NY Slip Op 00572)





D.S. 53-16-F Assoc. v Groff Studios Corp.


2019 NY Slip Op 00572


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Renwick, J.P., Richter, Mazzarelli, Webber, Kern, JJ.


8244 652789/15

[*1]D.S. 53-16-F Associates, Plaintiff-Appellant,
v
Groff Studios Corp., Defendant-Respondent.


Howard Justvig, Fresh Meadows, for appellant.
Smith, Gambrell & Russell, LLP, New York (John T. Van Der Tuin of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered January 23, 2018, which, following a nonjury trial, declared that plaintiff has no right to use any elevator presently in the building located at 151 West 28th Street, dismissed plaintiff's second cause of action for damages, and dismissed defendant's counterclaim as moot, unanimously affirmed, without costs.
The fact-finding determination of a court should not be disturbed on appeal unless its conclusions could not have been reached under any fair interpretation of the evidence, particularly where the findings of fact rest largely on the credibility of witnesses (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]).
A fair interpretation of the evidence supports the court's finding that plaintiff did not prove that the "freight elevator" cited in the lease rider referred to the building's northerly interior elevator, rather than the exterior sidewalk elevator [which was later removed] immediately outside plaintiff's store at the time the 1978 lease was executed.
Where the parties' agreement contains an ambiguous provision, their course of conduct with regard thereto is the "most persuasive evidence" of their agreed intention (see Gulf Ins. Co. v Transatlantic Reins. Co., 69 AD3d 71, 85 [1st Dept 2009]). Here, plaintiff presented no evidence of a course of conduct that supported its interpretation of the lease rider.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK